

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Suzette Corinne Rivera
*Special Federal Litigation*
(212) 788-9567
(212) 788-9776 (fax)
srivera@law.nyc.gov

April 22, 2008

BY HAND
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Cranford et al. v. The City of New York et al., 08 CV 2174 (RJS)

Your Honor:

  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in this civil rights action alleging police misconduct. I write to respectfully request a change of venue in this matter to the Eastern District of New York. The plaintiffs in this matter are Brooklyn residents, the alleged incident occurred at the 88th Precinct in Brooklyn, New York, and the "John Doe" Officer and "Officer Greg" are alleged to have been assigned to the 88th Precinct in Brooklyn at the time of the incident. Therefore, defendant City of New York requests that this matter be transferred to the Eastern District of New York[1].

  As set forth above, this action is entirely Brooklyn based. Upon information and belief, the plaintiffs, Robert Dahnel Cranford, Jonathan Martin Lawrence and Anthony Bryson, reside in Brooklyn (Complaint, ¶ 8), and the "John Doe" Officer and "Officer Greg", are assigned to the 88th Precinct also located in Brooklyn. The underlying arrests and alleged false imprisonments and malicious prosecutions took place in Brooklyn (Complaint, ¶'s 17 - 30). Apart from the fact that the City has offices in Manhattan – a factor that has no bearing on the issues here – this action has no connection with the Southern District of New York.

---

[1] If this Court retains jurisdiction, defendant requests a sixty day extension of time to answer the Complaint. If this case is transferred to the Eastern District of New York, defendat will make an application for an extension of time to answer the Complaint to the newly assigned judge.

Defendant City of New York submits that this case should be transferred to the Eastern District of New York as it is the more appropriate and convenient forum. Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. Baker v. Bennett, 942 F. Supp. 171, 175-76 (S.D.N.Y. 1996). Because this action could have been brought in the Eastern District of New York, transfer depends on the balance of convenience and justice.

In making this determination, judges have "considerable discretion in adjudicating a motion for transfer according to an individualized, case-by-case consideration of convenience and fairness." Bionx Implants, Inc. v. Biomet, Inc., 1999 U.S. Dist. LEXIS 831, No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)). A non-exclusive list of factors to consider includes: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice. Ayala-Branch v. Tad Telecom, Inc., 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002). No individual factor is determinative and a court has discretion to weigh each factor to reach a fair result. See Pharmaceutical Resources, Inc. v. Alpharma USPD Inc., 2002 U.S. Dist. LEXIS 8549, No. 02 Civ. 1015, 2002 WL 987299, at *5 (S.D.N.Y. May 13, 2002).

Application of the above factors clearly indicates that the Eastern District of New York is the more convenient forum for this action. The first two factors favor Brooklyn in that plaintiffs reside in Brooklyn and the officers are assigned to a Brooklyn precinct. Frasca v. Yaw, 787 F. Supp. 327, 331 (E.D.N.Y. 1992) ("The convenience of both party and non-party witnesses is probably the single most important factor in the analysis of whether a transfer should be granted."). Furthermore, plaintiffs' claims arise from acts that allegedly occurred in Brooklyn and the majority of relevant documents are located there. The fifth through seventh factors are neutral - witnesses can just as easily be compelled to appear before the Eastern or Southern districts, the means of the parties are not affected, and courts in the Eastern District are equally familiar with the governing law. While the eighth factor - plaintiff's choice of forum - favors retaining jurisdiction here, it is not dispositive. See Ayala-Branch, 197 F. Supp. 2d at 15 (stating that plaintiff's choice of forum measurably diminishes "when the operative facts have few meaningful connections to the plaintiff's chosen forum"); United States Surgical Corp. v. Imagyn Med Techs., Inc., 25 F. Supp. 2d 40, 46 (D. Conn 1998) (holding that plaintiff's "choice of forum is entitled to little deference because the events giving rise to this case did not occur in Connecticut"). Finally, the last factor - trial efficiency and interests of justice - strongly supports a transfer of venue given this action's nexus to Brooklyn.

The proximity between the Southern and Eastern Districts of New York also does not hinder efforts to transfer this action. While one court has found the distance between these two fora to be so small as to militate against transfer, see Coughlin v. Long I. R. Co., 1992 U.S. Dist. LEXIS 14766, *7 (S.D.N.Y. 1992), other courts have held otherwise. See, Flaherty v. All Hampton Limousine, Inc., 2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002); see also, Avemco Ins. Co. v. GSF Holding Corp., 1997 U.S. Dist. LEXIS 13716, *20-21 (S.D.N.Y. 1997) (distance not

a factor in granting transfer motion from plaintiff's chosen forum [S.D.N.Y.] to the defendant's choice [D.N.J.]).

Accordingly, defendant City of New York respectfully requests that this action be transferred to the Eastern District of New York under 28 U.S.C. § 1404(a). If Your Honor requires defendant City of New York to file a formal motion to transfer, defendant City of New York respectfully requests that the Court set a briefing schedule for the proposed motion.

Thank you for your consideration of this request.

Respectfully submitted,

Suzette Corinne Rivera
Special Federal Litigation

cc:  BY FAX
Karl Franklin, Esq.
(212) 614-6499

3