UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



EVA CRANFORD, *et al.*,

                Plaintiffs,

-v-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

No. 08 Civ. 2174 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Defendant City of New York ("City") submitted a letter to the Court dated April 22, 2008, requesting transfer of this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). By Order issued on April 30, 2008, the Court directed plaintiffs to submit a letter to the Court by May 12, 2008 indicating whether they opposed transfer of this action to the Eastern District of New York. The Court further ordered that failure to submit a letter in accordance with the April 30, 2008 Order would be deemed consent to the transfer. No response from plaintiffs was received.

    "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). A district court may do so *sua sponte*. *See Angelov v. Wilshire Bancorp*, No. 06 Civ. 4223 (CM), 2007 WL 2375131, at *3 (S.D.N.Y. Aug. 14, 2007) (citing *Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte . . . ."). Upon review of the Complaint filed in this matter, the Court notes that plaintiffs assert that they are residents of Kings County, New York, and that the individual defendants are the City and various police officers of the City. In addition, the Complaint alleges that the action arises from injuries plaintiffs suffered as a result of an unlawful arrest that occurred on or near the campus of Pratt

University in Kings County. Thus, it appears that all or most of the material events, documents, persons, and potential witnesses related to this action are located in the Eastern District of New York.

Although the first prong of the venue statute, 28 U.S.C. § 1391(b), locates venue in "a judicial district where any defendant resides," the second prong unambiguously indicates that, regardless of the defendant's residence, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). Here, it is beyond doubt that a "substantial part of the events" giving rise to plaintiff's claims occurred in the Eastern District of New York and thus, that venue is also proper in that district. *See* 28 U.S.C. § 1391(b)(2).

Furthermore, the Court finds that transfer of this action promotes the interests of convenience and justice. District courts have broad discretion in evaluating these interests as they relate to the transfer of cases. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum."). Having examined the Complaint in this action, and considered the relevant factors — including plaintiffs' choice of forum, the locus of operative facts, the convenience of likely witnesses and the parties, the location of relevant documents and the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the proposed forum's familiarity with the governing law, and trial efficiency and the interest of justice based on the totality of the

circumstances, *see, e.g., POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004) — the Court finds that all or most of the material events, documents, persons, and potential witnesses related to these actions are located in the Eastern District of New York, and, therefore, transfer of the action is appropriate. Moreover, although plaintiffs' chosen forum is the Southern District of New York, and that choice is normally accorded great deference, it is "given less weight" where, as here, the "operative facts [of the action] have little connection with the chosen forum." *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *5 (S.D.N.Y. Sept. 24, 2007) (quoting *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000)) (internal quotation marks and additional citation omitted).

Accordingly, it is hereby ORDERED that, in accordance with 28 U.S.C. § 1404(a) and in the interests of justice, the maximum convenience to the parties and witnesses, and the efficient management of this Court's docket, the Clerk of the Court is directed to transfer this case to the Eastern District of New York.

SO ORDERED.

Dated:   May 14, 2008
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE